819 A.2d 445

THOMAS J. DOUGLASS AND DEBORAH A. DOUGLASS, PLAIN-
TIFFS–APPELLANTS, v. THOMAS P. OBADE, M.D., ORTHO-
PAEDICS AT WOODBURY, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 10, 2003—Decided April 4, 2003.

Before Judges BRAITHWAITE,[1] LINTNER and PARKER.

[1] Judge Braithwaite did not participate in oral argument. However, the parties consented to his participation in the decision.

160

*Guy W. Killen* argued the cause for appellants (*Mr. Killen,* on the brief).

*Joseph L. Marczyk* argued the cause for respondents (*Reynolds & Drake,* attorneys; *Mr. Marczyk,* on the brief).

The opinion of the court was delivered by

PARKER, J.A.D.

Plaintiffs appeal from dismissal of their medical malpractice complaint for failure to file a timely affidavit of merit. We affirm.

It is undisputed that plaintiffs filed the complaint on December 6, 2000 and defendants filed their answer on July 25, 2001. Plaintiffs failed to serve an affidavit of merit within the sixty days following defendants' answer as required by the statute, *N.J.S.A.* 2A:53A–27. On November 21, 2001, almost four months after the answer was filed, plaintiffs moved to extend the time within which to file the affidavit.

The motion was argued on January 4, 2002 before Judge Herman, who denied it on the basis of the statute, *Galik v. Clara Maass Medical Center,* 167 *N.J.* 341, 771 *A.*2d 1141 (2001), and *Burns v. Belafsky,* 166 *N.J.* 466, 766 *A.*2d 1095 (2001). Judge Herman determined that since the statute required the filing within sixty days and authorized the court to grant *one* sixty-day extension, the maximum time during which an affidavit of merit could be *served* was 120 days from the date the answer was filed.

Plaintiffs moved for reconsideration, arguing, as they do here, that as long as they filed the motion for the extension within the 120 day period from the date the answer was filed, they should be permitted an extension to serve the affidavit. Judge Herman denied plaintiffs' motion for reconsideration stating: "[T]he end of the line ... the drop-dead date, is 120 days." We agree.

Plaintiffs rely on *Burns, supra,* 166 *N.J.* at 471–72, 766 *A.*2d 1095, in support of their argument. In *Burns,* however, the expert's report was in the hands of plaintiffs' counsel before the complaint was filed. Plaintiffs' counsel inadvertently failed to

serve it on defendants within the sixty-day period required by the statute but did serve it within the sixty-day extension period, albeit he failed to seek leave to do so. The Supreme Court held "that an affidavit submitted within the sixty-day extension period should be considered timely filed so long as good cause is found by the trial court." *Id.* at 471–72, 766 *A.*2d 1095.

In *Galik,* plaintiff served an unsworn copy of the expert's report on defendants' carriers before the complaint was filed and moved for leave to file the sworn version within 120 days of the date defendants' answers were filed. Under those circumstances, the Supreme Court found that plaintiff had substantially complied with the statute. *Id.* at 351, 771 *A.*2d 1141.

Here, plaintiffs' counsel did not even send the draft affidavit to plaintiffs' physician until November 7, 2001—105 days after the answer was filed—and did not have the signed affidavit in hand when the motion was argued on January 4, 2002—160 days after the answer was filed. Moreover, counsel provided no reasonable explanation other than that the affidavit was not returned by the doctor before expiration of the 120 days. Judge Herman inquired how far the physician's office was from counsel's and counsel responded that it was a half hour away. Under the circumstances, it was reasonable to expect plaintiffs or counsel to contact the physician directly in order to obtain the affidavit within the requisite 120 days.

We are satisfied that Judge Herman correctly interpreted and applied the law to the undisputed facts. *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N.J.* 67, 75, 110 *A.*2d 24 (1954); *Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 530, 666 *A.*2d 146 (1995).; *R.* 4:46–2.

Affirmed.