

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2006

# Lee v. Thompson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4006

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lee v. Thompson" (2006). *2006 Decisions.* Paper 1732.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1732

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4006
_____

REGINALD L. LEE,
                                         Appellant
v.

RONALD B. THOMPSON, P.A.
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-05114)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2006
BEFORE:  FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>
(Filed:  January 23, 2006)
_____

OPINION

_____

PER CURIAM.

        In 2002, Reginald Lee submitted the underlying complaint in the United

States District Court for the District of New Jersey asserting jurisdiction on the basis of

diversity of citizenship.  <u>See</u> 28 U.S.C. § 1332(a).  In his complaint, Lee alleged a claim

of legal malpractice against Ronald Thompson, Esquire, stemming from his

representation of Lee in a 2000 civil matter.  Thompson answered the complaint and

1

asserted a counterclaim against Lee on March 3, 2003, subsequently amending his answer on March 10, 2003. Approximately nine months later, on December 2, 2003, Thompson moved for summary judgment on the ground Lee had failed to provide an affidavit of merit within the 60 days following Thompson's answer as required by the New Jersey Affidavit of Merit Statute. See N.J. Stat. Ann. § 2A:53A-27. By order entered September 27, 2004, the District Court granted Thompson's motion and dismissed his counterclaim. Lee timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. This Court exercises plenary review over the District Court's order granting summary judgment. McLeod v. Hartford Life & Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004). After a careful review of record, and consideration of Lee's arguments on appeal, we will affirm the District Court's order.

The New Jersey Affidavit of Merit Statute requires the plaintiff in a malpractice action to provide the defendant, within 60 days after the answer is filed, with an affidavit of "an appropriate licensed person that there exists a reasonable probability" that the care which is the subject of the complaint falls outside acceptable professional standards. N.J. Stat. Ann. § 2A:53A-27. In lieu of an affidavit, the plaintiff may provide a sworn, written statement that, after written request, the defendant failed to provide the plaintiff with records that have a substantial bearing on the preparation of the affidavit. N.J. Stat. Ann. § 2A:53A-28. Failure to provide either the affidavit or the sworn statement within 60 days, or 120 days if the court grants an extension for good cause,

2

results in dismissal "for failure to state a cause of action." N.J. Stat. Ann. § 2A:53A-29; see also Burns v. Belafsky, 766 A.2d 1095, 1099-1101 (N.J. 2001) (holding that one 60-day extension may be granted for good cause shown provided that the plaintiff applies for the extension and files the affidavit within 120 days of the answer being filed). We have held that a District Court's application of the New Jersey Affidavit of Merit Statute does not conflict with the Federal Rules of Civil Procedure and is enforceable in the District Courts when New Jersey law applies. Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000); see also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 273 (3d Cir. 2002). Here, the District Court correctly determined that Thompson was entitled to summary judgment because Lee failed to submit an affidavit of merit as required by New Jersey law.

Lee argues on appeal that the District Court erroneously concluded that an expert's affidavit was required because common knowledge makes apparent the merits of his claim. See Hubbard v. Reed, 774 A.2d 495, 499-500 (N.J. 2001) (holding that no affidavit of merit need be filed in "common knowledge" malpractice cases); Natale v. Camden County Correctional Facility, 318 F.3d 575 (3d Cir. 2003) (applying Hubbard). For the reasons fully explained by the District Court, however, because Thompson's alleged negligence is not "readily apparent to anyone of average intelligence and ordinary experience," the common knowledge exception does not apply. Natale, 318 F.3d 579 (citations and quotations omitted). We also reject Lee's argument that, because he was proceeding pro se in the District Court, he was not required to obtain an affidavit of merit. In short, although we have an obligation to liberally construe a pro se litigant's pleadings,

3

"ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline." Hyman Zamft and Manard v. Cornell, 707 A.2d 1068, 1071 (N.J. Super. App. Div.1999); see also Chamberlain, 210 F.3d at 162 (noting that neither an "attorney's mere carelessness [n]or lack of proper diligence" will constitute "extraordinary circumstances" sufficient to excuse affidavit requirement) (citations and quotations omitted); Taylor v. Plousis, 101 F. Supp.2d 255, 270 (D. N.J. 2000).

For the foregoing reasons, we will grant the appellee's motion and summarily affirm the District Court's September 27, 2004, order.