**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1992-15T2

AVALON PRINCETON, LLC,

    Plaintiff-Appellant,

v.

PRINCETON, a New Jersey
municipal corporation,
PRINCETON COUNCIL,
PRINCETON PLANNING BOARD,
and MAYOR OF PRINCETON,

    Defendants-Respondents.

_____

Argued May 15, 2017 — Decided June 13, 2017

Before Judges Nugent, Currier, and Geiger.

On appeal from the Superior Court of New
Jersey, Law Division, Mercer County, Docket
No. L-1228-15.

Robert A. Kasuba argued the cause for
appellant (Bisgaier Hoff, LLC, attorneys; Mr.
Kasuba and Michael W. O'Hara, on the brief).

Gerald J. Muller argued the cause for
respondent Princeton Planning Board (Miller
Porter & Muller, P.C., attorneys; Mr. Muller,
of counsel and on the joint brief).

Trishka W. Cecil argued the cause for
respondents Princeton, Princeton Council, and
Mayor of Princeton (Mason, Griffin & Pierson,

P.C., attorneys; Ms. Cecil, of counsel and on the joint brief).

PER CURIAM

In this matter, we consider the interplay between a municipal ordinance and the Uniform Housing Affordability Control (UHAC) regulations regarding the language in a deed restriction pertaining to the length of affordability controls. Because the UHAC regulation preempts the municipal ordinance under these circumstances, we affirm the trial judge's grant of summary judgment to defendants, Princeton, a New Jersey municipal corporation, the Princeton Council, the Princeton Planning Board, and the Mayor of Princeton (collectively Princeton or defendant).

In August 2013, Princeton adopted a resolution approving plaintiff, Avalon Princeton LLC's, plan to build a 280-unit rental community, including fifty-six affordable rental units, in the municipality of Princeton. The resolution required in relevant part: (1) "compl[iance] with all applicable municipal, COAH and UHAC standards regarding affordable units, except that 13% of the affordable units shall be for very low income households;" (2) the execution of a developer's agreement; and (3) the submission of affordable deed restrictions for review and approval of the Board attorney or municipal attorney.

In April 2014, the parties entered into a developer's agreement (agreement).  Section L of the agreement provided:

> Since the PROJECT contains the construction of fifty-six (56) affordable rental units, the DEVELOPER is not required to make a contribution to PRINCETON for residential affordable housing development fees.  The affordable housing units will be constructed and marketed in accordance with all COAH, UHAC and local ordinance requirements. At least 13% of the units shall be affordable to very low income households as defined by the Fair Housing Act and COAH regulations. <u>Deed restrictions shall be for 30 years.</u>
>
> [(Emphasis added).]

Several months later plaintiff submitted a draft deed restriction to defendant for its review.  The restriction stated that affordability controls would remain in place <u>for thirty years</u>. Defendant requested that the thirty-year control period be replaced with the following language: "The following covenants . . . shall run with the land for <u>at least thirty years</u>, determined separately for each dwelling unit, commencing upon the date on which the first certified household occupies the unit and continuing thereafter until terminated by the Municipality." (emphasis added).  Plaintiff objected to the proposed change, arguing that the language "purports to afford Princeton the ability to unilaterally extend the affordability controls beyond 30 years."  Because building permits could not be issued until the

dispute over the deed restriction language was resolved, plaintiff submitted a signed deed restriction "under protest" that contained the "at least thirty years" language. Subsequently, plaintiff commenced this action to challenge the legality of the amended deed restriction.[1]

As the parties agreed that the case presented a purely legal issue, they chose to forego discovery and motions for summary judgment were presented for the court's consideration. In its application, plaintiff argued that the language in its deed restriction complied with both the municipal ordinance governing affordability controls and the developer's agreement.[2] Plaintiff contended that the phrase "at least thirty years" gave defendant the ability to hold the affordability controls in place in perpetuity.

Defendant asserted that its proposed language mirrored the language in the UHAC regulation, N.J.A.C. 5:80-26.11(a)(Section 26.11), enacted in 2004 subsequent to defendant's ordinance. Princeton argued that at the conclusion of the thirty-year period, the municipality must adopt an ordinance to release units from the

---

[1] The deed restriction has been held in escrow by defendant pending the outcome of this litigation.

[2] Princeton, NJ, Code § 16-83, enacted in 1996, states that affordability controls for newly constructed, privately financed rental units are to be in effect for 30 years.

controls. Defendant contends that since the units are controlled for thirty years, it cannot adopt the required ordinance until that time has elapsed.

Judge Mary C. Jacobson heard oral argument on December 7, 2015, and issued a comprehensive oral decision and order on the same date, granting defendant's motion and denying the application of plaintiff. She concluded that UHAC Section 26.11 set a "30-year minimum to affordability controls. And that the controls may be lifted only once a municipality has determined to affirmatively lift the controls by passing an ordinance, which authorizes the release of those units from the controls."

Judge Jacobson also considered UHAC's reference to the form deed restriction template provided in the appendix to the regulations that contains the "at least 30 years" language in support of her interpretation of the regulation. She concluded that the municipal ordinance relied on by plaintiff was preempted by Section 26.11, and that the developer's agreement was unenforceable as it "imposed an affordability control that contravened UHAC regulations." She stated that the developer's agreement "cannot trump the regulation as interpreted by the [c]ourt . . . . Nor can a Princeton ordinance that was adopted several years before prevent [Princeton] from relying on the regulation as the . . . premier authority in this area."

On appeal, plaintiff argues that the trial judge (1) erred in concluding that UHAC was inconsistent with and preempted the developer's agreement and municipal ordinance; (2) erred in ruling that an ordinance must be adopted in the future for a municipality to release an affordable unit; and (3) gave undue deference to the regulatory history in her interpretation of UHAC. We disagree.

We review a grant of summary judgment under the same standard as the trial court. Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 41 (2012) (citations omitted). Summary judgment is proper where there is no genuine issue of material fact when the evidence is viewed in the light most favorable to the non-moving party, and the moving party is entitled to prevail as a matter of law. Id. at 38, 41 (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995) and R. 4:46-2 (c)). "When no issue of fact exists, and only a question of law remains," an appellate court accords no special deference to the legal conclusions of the trial court. Cypress Point Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 415 (2016) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Plaintiff argues that the affordability controls expire automatically at the end of thirty years because the language in Section L of the developer's agreement provides that "[d]eed restrictions shall be for 30 years." Plaintiff also relies on

Princeton Code § 16-83, which sets a thirty-year affordability control for privately financed rental units. Plaintiff contends that the developer's agreement and defendants' code are consistent with UHAC's "at least 30 years" requirement for affordability controls.

Defendants, on the other hand, assert that Section 26.11 requires affordability controls to remain in effect for a <u>minimum</u> of thirty years before the municipality may elect to release units following the passage of an ordinance authorizing such action. Defendants argue that the fixed thirty-year control period in the developer's agreement and its ordinance is preempted by UHAC's requirement that the control period must be in effect <u>at least</u> thirty years before any municipal action can be taken to release the units.

Statutory interpretation is a question of law reviewed on a de novo basis. <u>Real v. Radir Wheels, Inc.</u>, 198 <u>N.J.</u> 511, 524 (2009) (citing <u>In re Liquidation of Integrity Ins. Co.</u>, 193 <u>N.J.</u> 86, 94 (2007), <u>rev'd on other grounds</u>, 214 <u>N.J.</u> 51 (2013)); <u>see also</u> <u>U.S. Bank, N.A., v. Hough</u>, 210 <u>N.J.</u> 187, 199 (2012) ("We interpret a regulation in the same manner that we would interpret a statute."). When interpreting statutory language, the court first examines "the plain meaning of the provision at issue." <u>Lozano v. Frank DeLuca Constr.</u>, 178 <u>N.J.</u> 513, 522 (2004) (quoting

Burns v. Belafsky, 166 N.J. 466, 473 (2001)).  If "the statutory language is clear and unambiguous, and susceptible to only one interpretation, courts should apply the statute as written without resort to extrinsic interpretative aids."  Ibid. (quoting In re Passaic County Utils. Auth., 164 N.J. 270, 299 (2000)).  "Such language should be given its ordinary meaning, absent a legislative intent to the contrary."  Burns, supra, 166 N.J. at 473 (quoting Merin v. Maglaki, 126 N.J. 430, 434-35 (1992)).  "[I]f there is ambiguity in the statutory language that leads to more than one plausible interpretation, . . . [where] a plain reading of the statute leads to an absurd result or if the overall statutory scheme is at odds with the plain language," a reviewing court may refer to extrinsic evidence such as "legislative history, committee reports, and contemporaneous construction."  Real, supra, 198 N.J. at 524 (quoting Daidone v. Buterick Bulkheading, 191 N.J. 557, 565-66 (2007)).

Section 26.11 of the UHAC provides in relevant part:

> (a) Each restricted rental unit shall remain subject to the requirements of this subchapter until the municipality in which the unit is located elects to release the unit from such requirements pursuant to action taken in compliance with (e) below. Prior to such a municipal election, a restricted rental unit must remain subject to the requirements of this subchapter for a period of at least 30 years.

A-1992-15T2

. . . .

(e) Any municipality may elect to release any
or all of the restricted rental units in a
development from the requirements of this
subchapter at a time to be set forth in the
municipal ordinance required below, but after
the expiration of the minimum control period
specified under (a) above, provided that:

(1) The municipal election to
release the unit from the
requirements of this subchapter is
made pursuant to a municipal
ordinance authorizing such
elections with respect to units
located either in areas
specifically identified in the
Housing Element of the municipal
Master Plan or throughout the entire
municipality; and

(2) The administrative agent shall,
within 60 days of the municipal
election, execute a release . . .
of all restriction instruments with
respect to the unit(s).

[N.J.A.C. 5:80-26.11(a) and (e) (emphasis
added).]

The regulation also requires the "[d]eeds of all real property

that include restricted rental units [to] contain deed restriction

language substantially in the form set forth in Appendix E to this

subchapter." N.J.A.C. 5:80-26.11(c) (emphasis added). Appendix

E is a deed restriction template that incorporates the same "at

least 30 years" language found in Section 26.11(a). N.J.A.C.

5:80-26.11 App. E.

The plain language of the regulation indicates that "a restricted rental unit must remain subject to" affordability controls for "a period of at least 30 years" <u>prior</u> to a municipal election to release the controls. <u>N.J.A.C.</u> 5:80-26.11(a) (emphasis added). The regulation further specifies that a municipality may release affordability controls on any or all rental units "<u>after</u> the expiration of the minimum control period" of thirty years as required under subsection (a). <u>N.J.A.C.</u> 5:80-26.11(e) (emphasis added). Furthermore, subsection (e) requires that the release of affordability controls take the form of a municipal ordinance. <u>N.J.A.C.</u> 5:80-26.11 (e).

Judge Jacobson determined that the plain language of the regulation required a restricted rental unit to be subject to the affordability control restrictions for at least thirty years. At the expiration of the minimum control period of thirty years, an ordinance was required to release the restricted units. However, because of plaintiff counsel's representation to the court that defendant's interpretation of Section 26.11 had not been asserted by other municipalities, the judge looked beyond the plain language of the regulation to its regulatory history.

Under the Fair Housing Act, <u>N.J.S.A.</u> 52:27D-301 to -329.19, the Housing and Mortgage Finance Agency (HMFA) was the administrative agency charged with the responsibility of

establishing programs to assist municipalities in meeting their obligation to provide affordable low- and moderate-income housing. N.J.S.A. 52:27D-321. In carrying out its charge, HMFA was responsible for drafting and promulgating regulations controlling the use and sale of affordable housing units. The regulations, known as UHAC, N.J.A.C. 5:80-26.1 to -26.26, were initially adopted in 2001 and amended in 2004.

As part of the 2004 amendments, HMFA issued a response document explaining the intent of the language of Section 26.11. 36 N.J.R. 5713(a) (Dec. 20, 2004). In response to a comment that the "30-year minimum control period for rental units should be restored and maintained without exceptions," HMFA stated:

> As in N.J.A.C. 5:80-26.5 [referring to affordability controls for ownership units], the rule states that the municipality may elect to release a unit from affordability controls only after expiration of the minimum control period, which is at least 30 years . . . . The ability of a municipality to release the unit from affordability controls after the minimum restriction period is dependent upon a municipal ordinance, which will describe the intentions of the municipality to release the units at a time that they are able to replace those units within the municipality.
>
> [36 N.J.R. 5713(a) (emphasis added).]

Additionally, in response to a comment requesting the agency to "clarify the operation of the control-period provisions of N.J.A.C. 5:80-26.11" HMFA said:

> Affordability controls on restricted rental units may be extended past the 30-year control period by the municipality pursuant to a municipal ordinance authorizing such elections with respect to units located either in areas specifically identified in the Housing Element of the municipal Master Plan or throughout the entire municipality. Municipal release of affordable units is the only way that units will be released from affordability controls after the minimum control period has ended, in accordance with the municipal ordinance. Controls will not expire automatically after the 30-year period.
>
> [36 N.J.R. 5713(a) (emphasis added).]

It is clear from HMFA's responses to public comments that: (1) the affordability controls on rental units are to remain for a minimum control period of thirty years; (2) "the municipality may elect to release a unit from affordability controls only after expiration of the minimum control period, which is at least 30 years;" and (3) the release may only be executed by way of a municipal ordinance. 36 N.J.R. 5713(a) (emphasis added). The agency clarified that "[c]ontrols will not expire automatically after the 30-year period." 36 N.J.R. 5713(a).

We generally give considerable weight to a state agency's interpretation of a statutory scheme that the legislature has

entrusted to the administration of the agency. <u>In re Election Law Enforcement Comm'n Advisory Op. No. 01-2008</u>, 201 <u>N.J.</u> 254, 262 (2010) (citing <u>Richardson v. Bd. of Trs., Police and Firemen's Ret. Sys.</u>, 192 <u>N.J.</u> 189, 196 (2007)). This deference comes from the understanding that a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise. <u>Ibid.</u> We will defer to an agency's interpretation of both a statute and implementing regulation, within the sphere of the agency's authority, unless the interpretation is "plainly unreasonable." <u>Ibid.</u>

The regulatory history supports defendants' and the trial court's interpretation of Section 26.11. The language Princeton requires of plaintiff in the deed restriction tracks the language used in the UHAC regulations and the deed restriction template in its appendix. We are satisfied that it was reasonable and appropriate for defendants to require compliance with the UHAC regulations in the deed restriction.

We next consider whether UHAC Section 26.11 is preempted by defendants' own municipal code designating a fixed thirty-year control period for privately financed rental units.

"Preemption is a judicially created principle based on the proposition that a municipality, which is an agent of the State,

A-1992-15T2

cannot act contrary to the State." Redd v. Bowman, 223 N.J. 87, 108 (2015) (citing Overlook Terrace Mgmt. v. Rent Control Bd. of W.N.Y., 71 N.J. 451, 461 (1976)). In Redd, the Supreme Court reiterated the five factors that a court must consider to determine whether state law preempts a municipal ordinance:

> (1) Does the ordinance conflict with state law, either because of conflicting policies or operational effect (that is, does the ordinance forbid what the Legislature has permitted or does the ordinance permit what the Legislature has forbidden)?
>
> (2) Was the state law intended, expressly or impliedly, to be exclusive in the field?
>
> (3) Does the subject matter reflect a need for uniformity? . . .
>
> (4) Is the state scheme so pervasive or comprehensive that it precludes coexistence of municipal regulation?
>
> (5) Does the ordinance stand "as an obstacle to the accomplishment and execution of the full purposes and objectives" of the Legislature?
>
> [Id. at 109 (citing Overlook, supra, 71 N.J. at 461-62).]

A consideration of the factors leads to the conclusion that the Princeton ordinance must be preempted by the UHAC regulations. It is undisputed that the ordinance conflicts with Section 26.11; the interpretation of the diverging language is the very issue before us. The ordinance provides for a firm thirty-year

affordability control period whereas the regulation requires a minimum of thirty years, "at least 30 years." Unlike UHAC, the ordinance does not provide any mechanism as to the actions to be taken by the municipality to release the affordability controls at the expiration of the thirty years.

The remaining factors are all indisputably met, as Judge Jacobson noted, as the "aim of the [UHAC] regulations was to bring uniformity to the imposition of . . . affordability controls in New Jersey, and to further the express purposes of the Fair Housing Act, [N.J.S.A. 51:27D-301 to -515]."

A consideration of the Redd factors weighs in favor of preemption. The ordinance, enacted almost twenty years before Section 26.11, cannot be used to preclude defendants from requiring compliance with UHAC.

We similarly conclude that the developer's agreement cannot override UHAC. "A 'developer's agreement' is a contract between a developer and a public authority that details the manner in which the conditions of [municipal] approval will be fulfilled." Toll Bros. v. Burlington Cty. Freeholders, 194 N.J. 223, 248 (2008). A developer's agreement is not an independent contractual source of obligation but "an ancillary instrument tethered to the conditions of [municipal] approval" that "exists solely as a tool

15 A-1992-15T2

for the implementation of the resolution establishing [those] conditions." Id. at 249.

Here, the developer's agreement runs contrary to UHAC because it requires a firm thirty-year control period. As with the municipal ordinance, the language in the developer's agreement conflicts with Section 26.11's requirement of "at least 30 years" before the release of affordability controls may be effectuated. Accordingly, the developer's agreement is unenforceable and must cede to Section 26.11.

Finally, we must address plaintiff's forewarning to us that an affirmance of the trial court ruling permitting affordability controls to remain in place "for at least thirty years" will "wreak havoc" in the ongoing litigation in this state of determining affordability housing compliance. We do not intend to convey in our decision today that the duration of affordability controls should be open ended or in perpetuity, nor do we interpret UHAC as saying such. UHAC established a mechanism whereby a municipality can only release a unit from affordability controls after the expiration of the thirty-year minimum control period. It seems reasonable that developers and towns might agree on a short time period beyond the thirty years to accommodate the balancing of interests, allowing for the decision-making of the

A-1992-15T2

municipalities, and the need and desire of the developers for the release of the controlled units.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We note that plaintiff included documents in its appendix regarding another municipality's settlement of its affordable housing litigation. In that settlement, the municipality and developer agreed to a thirty-five year control period. These documents were not included in the record before the trial court. In lieu of an order striking the documents, however, defendant moved to supplement the record to include deed restrictions from other projects which require compliance with Section 26.11. We have considered all of the documents presented.

A-1992-15T2