790 A.2d 969 (2002)
347 N.J. Super. 536
Kevin R. MEDEIROS, Plaintiff-Appellant,
v.
O'DONNELL & NACCARATO, INC., Defendant-Respondent, and
Circle F Urban Renewal Partnership, Costanza Contracting Company, Frank X. Moya, Architect, Steven Cohen, Architect, Robert Buda Associates and BRR, Inc., Defendants.
Superior Court of New Jersey, Appellate Division.
Argued January 14, 2002.
Decided February 11, 2002.
*970 Bruce G. Cassidy argued the cause for appellant, (Bruce G. Cassidy & Associates, attorneys).
John M. Becker argued the cause for respondent, (Robert D. Thompson & Associates, attorneys; Mr. Thompson, of counsel; Mr. Thompson and Mr. Becker, on the brief).
Before Judges HAVEY, BRAITHWAITE and WEISSBARD.
The opinion of the court was delivered by BRAITHWAITE, J.A.D.
This is an appeal that requires us to determine whether the Affidavit of Merit Statute ("AMS" or "statute"), specifically, N.J.S.A. 2A:53A-27, permits a plaintiff to serve all licensed defendants with an affidavit that does not identify the licensed person by name, but by occupation only. The motion judge concluded that "each defendant should individually receive an affidavit of merit." Because plaintiff failed to provide defendant O'Donnell & Naccarato, Inc. ("O'Donnell & Naccarato"), an "individual affidavit of merit concerning whether [its] work fell outside the acceptable professional standard," the judge dismissed plaintiff's complaint against O'Donnell & Naccarato.
Plaintiff contends, on appeal, that the motion judge erred in dismissing his complaint because the affidavit complied with the statute, and "if the affidavit did not fully comply, the doctrine of substantial compliance dictates a reversal of the order dismissing his claims." We agree with plaintiff and now reverse.
*971 For purposes of this appeal, the facts are not in dispute. O'Donnell & Naccarato was retained in 1995 to prepare engineering plans for the restoration of buildings owned by defendant Circle F Urban Renewal Partnership ("Circle"). As part of this project, Circle contracted with defendant Costanza Contracting Company ("Costanza") to do various work, including masonry. Costanza subcontracted with plaintiff's employer, Roman, Inc., to do the masonry work.
On or about August 1, 1996, plaintiff Kevin R. Medeiros, was working at the project site. While on a parapet, forty feet above ground, he fell, sustaining serious injuries. On June 29, 1998, plaintiff filed suit against defendants on account of his injuries. He asserted that defendants, including O'Donnell & Naccarato, "violated standards established by OSHA, ANSI, The Associated General Contractors of America and as set forth in other architectural and engineering codes pertaining to survey, design, study and evaluation of the plans and structure prior to allowance of workmen in or upon the structure." On July 23, 1998, plaintiff filed an amended complaint, naming Robert Buda Associates and BRR, Inc. as defendants.
Plaintiff had prepared, on July 28, 1998, an affidavit of merit by Horace Albert Reeves, Jr., who is both a licensed engineer and a licensed architect. The affidavit, which was captioned, "Affidavit of Merit ... as to defendant architects and engineers" provided in relevant part the following:
I have reviewed the [c]omplaint and certain other documents and photographs related to the civil action between the Plaintiff, Kevin R. Medeiros, and the Defendants, including Robert Buda Associates and BRR, Inc., both of whom will be added to the list of defendants by an amended complaint.
I hereby affirm that I believe there exists a reasonable probability that the care, skill and knowledge exercised and exhibited in the practice or work that is the subject of the Complaint, fell outside the acceptable professional or occupational standards or practices of an architect and engineer as to the defendant architects and engineers, respectively.
The affidavit was served timely on all defendants.
On June 4, 1999, O'Donnell & Naccarato, along with the other licensed defendants, moved to dismiss plaintiff's complaint for failure to comply with the AMS, arguing that the affidavit supplied by plaintiff did not satisfy the requirements of N.J.S.A. 2A:53A-27. Plaintiff and Costanza opposed the motions.
The motion judge granted defendants' applications and dismissed plaintiff's complaint because each defendant did not "individually receive an affidavit of merit." On July 20, 1999, plaintiff moved for reconsideration or, in the alternative, for "leave to file an amended affidavit of merit for each defendant." Circle joined in plaintiff's motion. The motion was opposed. The motion judge denied the application. Plaintiff sought leave to appeal to this court, but his motion was denied.
Following the dismissal of plaintiff's complaint, the issue remaining was a crossclaim by Circle against O'Donnell & Naccarato. Subsequently, a settlement conference resulted in plaintiff resolving all of his claims with defendants, with the exception of O'Donnell & Naccarato.
As noted above, the issue here is whether the AMS requires each defendant to receive an affidavit specifically naming that defendant and identifying his specific culpability. Plaintiff asserts that the statute does not mandate such requirements *972 and that the affidavit he served on each defendant is sufficient under the statute.
O'Donnell & Naccarato agree with the motion judge's interpretation of the statute. It also argues that "plaintiff provided a collective and generic affidavit against a grouping of architects and engineers" that does not meet the statutory requirements.
N.J.S.A. 2A:53A-27 provides in pertinent part, the following:
In any action for damages for personal injuries ... plaintiff shall ... provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.
The purpose of the statute has been addressed by our Supreme Court. "It was designed as a tort reform measure [that] requires a plaintiff in a malpractice case to make a threshold showing that the claims asserted are meritorious. [Its purpose is] to weed out frivolous lawsuits at an early stage and to allow meritorious cases to go forward." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 350, 771 A.2d 1141 (2001). See also Burns v. Belafsky, 166 N.J. 466, 470, 766 A.2d 1095 (2001); Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 242, 708 A.2d 401 (1998).
The statute simply requires that an appropriate licensed professional attest that there exists a reasonable probability that there was a deviation in the standard of care in the activity, which is the subject of the complaint. See Burns, supra, 166 N.J. at 470, 766 A.2d 1095. Furthermore, the plaintiff is required to provide the affidavit of merit to the defendant. Ibid.
The AMS is silent as to any requirement that the affidavit specifically identify a defendant by name. In Burns, the Court remarked that "[w]hen a statute is susceptible of an interpretation true to its purpose and that permits plaintiffs to proceed with meritorious claims, we will not add requirements not explicitly set forth that deny plaintiffs their day in court." Id. at 470, 766 A.2d 1095. The Court further added the following.
When dealing with questions of statutory construction, the Court first considers the plain meaning of the provision at issue. State v. Hoffman, 149 N.J. 564, 578, 695 A.2d 236 (1997); State v. Szemple, 135 N.J. 406, 421, 640 A.2d 817 (1994); Merin v. Maglaki, 126 N.J. 430, 434, 599 A.2d 1256 (1992). "Such language should be given its ordinary meaning, absent a legislative intent to the contrary." Merin, supra, 126 N.J. at 434-35, 599 A.2d 1256. When a statute is "silent or ambiguous," however, the Court must interpret the statute in light of the Legislature's intent. Accountemps v. Birch Tree Group, 115 N.J. 614, 622, 560 A.2d 663 (1989); Union County Bd. of Chosen Freeholders v. Union County Park Comm'n, 41 N.J. 333, 337,196 A.2d 781 (1964).

[Id. at 473, 766 A.2d 1095.]
Here, "[b]ecause the Legislature has given no explicit direction on the issue, the Court must adopt the interpretation of the affidavit of merit provision that best effectuates the legislative intent." Id. at 474, 766 A.2d 1095. In this case, an affidavit of merit has been prepared that identifies a deviation from professional standards by "defendant architects and engineers, respectively." There is no dispute that O'Donnell & Naccarato are engineers who performed work on the project where plaintiff was injured. To require that the name of O'Donnell & Naccarato *973 be mentioned in the actual affidavit is more than is needed to effectuate the intent of the Legislature, given the circumstances here.
We find further support for our holding in Galik, supra. There, the Court considered whether unsworn reports met the substantive requirements of the AMS when one of the defendants was not named in the reports. The case involved medical malpractice with a number of defendant doctors. The reports were prepared by a Dr. Pizzi.
One of the defendant doctors, a radiologist, was not named in Dr. Pizzi's original report, nor in his supplemental report. Galik, supra, 167 N.J. at 358, 771 A.2d 1141. Dr. Pizzi only stated that the initial radiologist had been negligent. Ibid. Despite the failure to identify the radiologist by name, the Court found Dr. Pizzi's report to be substantively in compliance with the AMS. Id. at 359, 771 A.2d 1141. The Court was satisfied that there was only one radiologist who treated the plaintiff and that the "fair import of Dr. Pizzi's" report was that Dr. Acosta, the unnamed radiologist, had committed malpractice. Id. at 358, 771 A.2d 1141.
Here, plaintiff contends, without dispute, that O'Donnell & Naccarato is the only defendant engineer involved in the project. In the affidavit, Reeves stated that "the practice or work that is the subject of the [c]omplaint, fell outside the acceptable professional or occupational standards or practices of an architect and engineer as to the defendant architects and engineers, respectively." The fair import of Reeves' affidavit is that O'Donnell & Naccarato deviated from professionally accepted standards for engineers. See Galik, supra, 167 N.J. at 358, 771 A.2d 1141. Thus, it was unnecessary to specifically identify O'Donnell & Naccarato as the engineering firm whose work fell outside acceptable professional standards. We caution, however, that the better practice would be for plaintiffs to identify, by name, the specific defendant alleged to have committed malpractice, so as to avoid litigation such as this and the potential for the dismissal of meritorious claims. Id. at 357, 771 A.2d 1141.
Defendant's argument that plaintiff's affidavit of merit is too generic is also unconvincing. Our Supreme Court has noted that:
[T]he content of the expert's affidavit is summary in nature, and that the required statement of opinion that the defendant's work or treatment fell outside acceptable professional standards need not be accompanied by the same detailed explanation and analysis that ordinarily would be contained in an expert's report required to be furnished pursuant to Rule 4:17-4(e). In that respect, the statute requires only that the expert whose affidavit is filed certify that a reasonable probability exists that the defendant in question deviated from professional standards.

[Pet. of Hall By and Through Hall, 147 N.J. 379, 392, 688 A.2d 81 (1997).]
Here, the affidavit of merit included language necessary to meet the requirements of N.J.S.A. 2A:53A-27. It stated that the affiant had "reviewed the [c]omplaint and certain other documents and photographs related to the civil action" and that he believed "there exist[ed] a reasonable probability that ... the practice or work that [was] the subject of the [c]omplaint, fell outside the acceptable professional or occupational standards or practices" of those in the engineering profession. Nothing more is required by the statute.
We are also satisfied, however, that assuming plaintiff's affidavit failed to comply with the requirements of the AMS, this *974 case is a good candidate for the application of the substantial compliance doctrine. The doctrine, an equitable one, applies to affidavit of merit cases. Galik, supra, 167 N.J. at 351-56, 771 A.2d 1141.
The following factors are considered to determine the applicability of substantial compliance:
(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute.
[Id. at 353, 771 A.2d 1141 (quoting Bernstein v. Board of Trustees of the Teachers' Pension and Annuity Fund, 151 N.J.Super. 71, 76-77, 376 A.2d 563 (App.Div.1977)).]
First, there is no evidence of prejudice to O'Donnell & Naccarato as it has known the allegations against it since the initial filing of plaintiff's complaint. To allow plaintiff's case to proceed will not in any way surprise O'Donnell & Naccarato and inhibit how it plans to defend itself. Second, plaintiff took the necessary steps to comply with the statute. He delivered a timely affidavit to each defendant in an effort to comply with the statute, and he prepared the affidavit in a manner consistent with the plain words of the statute in an effort to meet the substantive requirements. Third, plaintiff's affidavit generally met the purpose of the statute by initially establishing that there existed a reasonable probability that the claims asserted were meritorious against all the "defendant architects and engineers, respectively." Fourth, there was reasonable notice of plaintiff's claim because each defendant received a copy of the affidavit and complaint alleging negligence on the part of "defendant engineers and architects." Fifth, as noted, it was reasonable for plaintiff to prepare the affidavit in the manner that he prepared it in light of the language of the statute. In sum, we conclude that the doctrine of substantial compliance would preclude the dismissal of plaintiff's complaint if there was non-compliance with the AMS.
Finally, plaintiff raises two other claims on appeal. He asserts that "exceptional circumstances" would warrant the motion judge's dismissal to be without prejudice, and that no affidavit of merit is required for engineering firms, such as O'Donnell & Naccarato. In light of our holding on plaintiff's first two points, we see no need to address these claims. Moreover, plaintiff's point about engineering firms was not raised before the motion judge. That is another reason to decline to address the merits of that issue. See Borough of Berlin v. Remington and Vernick Engineers, 337 N.J.Super. 590, 596, 767 A.2d 1030 (App.Div.), certif. denied, 168 N.J. 294, 773 A.2d 1158 (2001).
Reversed.