NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2036-22

ROSETTA HARGETT,
Administratrix ad Prosequendum
of the ESTATE OF MARTHA
INGRAM, Deceased,

      Plaintiff-Appellant,

v.

HAMILTON PARK OPCO, LLC,
d/b/a ALARIS HEALTH AT
HAMILTON PARK, HPO, LLC,
and ALARIS HEALTH, LLC,

      Defendants-Respondents,

and

JERSEY CITY MEDICAL
CENTER, INC., d/b/a JERSEY
CITY MEDICAL CENTER, and
RWJ BARNABAS HEALTH, INC.,

      Defendants.
_____

| APPROVED FOR PUBLICATION |
| :---: |
| **December 11, 2023** |
| **APPELLATE DIVISION** |

Argued November 13, 2023 – Decided December 11, 2023

Before Judges Sabatino, Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law
Division, Hudson County, Docket No. L-1587-21.

Matthew E. Gallagher (Swartz Culleton PC) argued the cause for appellant (Matthew E. Gallagher and Christopher J. Culleton (Swartz Culleton PC), attorneys; Matthew E. Gallagher and Christopher J. Culleton, on the brief).

Beth Ann Hardy argued the cause for respondents (Farkas & Donohue, LLC, attorneys; David Christoph Donohue, of counsel; Beth Ann Hardy, on the brief).

The opinion of the court was delivered by

VINCI, J.S.C. (temporarily assigned)

In this medical malpractice action, appellant Rosetta Hargett, Administratrix Ad Prosequendum for the Estate of Martha Ingram ("Ingram"), appeals from the trial court's order dismissing her complaint with prejudice for failure to provide an appropriate affidavit of merit ("AOM") pursuant to N.J.S.A. 2A:53A-26 to -29, and denying her motion for reconsideration. Based on our review of the record and applicable legal principles, we affirm because the AOM tendered by appellant alleging collective negligence by multiple unidentifiable nurses was inadequate.

Ingram was a resident at the Alaris Health at Hamilton Park nursing facility operated by Hamilton Park OPCO, LLC, and Alaris Health, LLC ("Alaris Health"), for approximately one month. While at Alaris Health, Ingram developed pressure-related skin breakdown and pressure wounds. She was transferred to Jersey City Medical Center where she continued to develop

A-2036-22

2

pressure-related skin breakdown and pressure wounds. Ingram died approximately one year after her transfer from Alaris Health.

Appellant filed a medical malpractice complaint against Alaris Health, Jersey City Medical Center, and RWJ Barnabas Health alleging the injuries Ingram sustained at Alaris Health and Jersey City Medical Center caused or contributed to her physical decline and death.[1] The complaint did not name any individual medical professionals, including nurses, as defendants.

Appellant alleged Alaris Health had an obligation to establish policies and procedures for the recognition and treatment of medical conditions to ensure timely and appropriate care for its residents. She also alleged Alaris Health had an obligation to employ competent, qualified staff, and caused staffing levels to be set at such a level that personnel could not reasonably tend to the needs of its residents. Appellant further alleged Alaris Health failed to provide the resources necessary to meet the needs of residents, created recklessly high resident-to-nurse ratios, and disregarded the minimum time required to perform essential functions and treatments. She asserted Ingram's injuries were caused by the negligence and carelessness of Alaris Health and its nursing and administrative staff who were acting within the course and scope of their employment.

---

[1] Appellant settled her claims against Jersey City Medical Center and RWJ Barnabas Health. Those entities are not participating in this appeal.

Appellant served a single AOM in support of all claims against Alaris Health, Jersey City Medical Center, and the nursing and nursing administrative staffs at both facilities. The AOM was prepared by Paula Kotz, RN, B-C, CWOCN, CLNC, CFNC, CFCS, who opined:

> based upon a review of [the medical] records [of Ingram] and other circumstances as [she] understand[s] them to be, . . . there exists a reasonable probability that the care, skill, or knowledge exercised in the treatment provided by Alaris [Health] . . . and Jersey City Medical Center, and members of their nursing and nursing administrative staff, fell outside acceptable professional standards and was the cause of harm to . . . Ingram.

The court conducted two Ferreira conferences.[2] Alaris Health objected to the AOM because Kotz was not qualified to opine regarding direct claims of administrative negligence against Alaris Health and her AOM was a blanket statement that failed to identify any individually negligent persons or acts.[3] Appellant declined the opportunity to serve a supplemental AOM. Appellant did not seek to conduct any pre-AOM discovery to identify the allegedly negligent nurses.

---

[2] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003) (requiring a court conference to address AOM compliance issues).

[3] On appeal, appellant abandoned her direct administrative claim against Alaris Health. The only remaining claim against Alaris Health is for vicarious liability based on the alleged professional negligence of the nursing staff at Alaris Health.

Alaris Health moved to dismiss for failure to provide an appropriate AOM. The trial court granted the motion. Appellant moved for reconsideration, which was denied. The court dismissed appellant's direct claim of negligence against Alaris Health, finding Kotz was not qualified to render an opinion as to an administrative negligence claim against a licensed health care facility. Appellant does not challenge that aspect of the court's ruling on appeal. The court also found the AOM was deficient because it failed to "provide specific notification as to a specific employee as to a specific claim of negligence" and failed to provide "notice as to who may have violated" the applicable standard of care.

This appeal followed. Appellant contends the trial court erred by dismissing her vicarious liability claim against Alaris Health because she pleaded a valid vicarious liability claim based on the collective failure of Alaris Health's nursing staff to provide proper wound preventative care. She argues there is no requirement that an AOM identify individual employees for whom an employer may be held vicariously liable if the employees are not named as defendants. Appellant argues she was not required to name individual nurses as defendants or to serve an AOM that identified individual nurses because:

> pressure injury cases of this type are not premised upon isolated, one-time acts of negligence committed by a single staff member causing immediate harm; rather, they implicate ongoing failures of the nursing staff as a

whole in failing to timely and consistently execute wound prevention interventions such as offloading pressure from bony prominences.

Alaris Health concedes Kotz is qualified to prepare an AOM in a nursing malpractice action but maintains her AOM is deficient because it refers generally to the nursing staff of two separate facilities and does not identify any individual nurses for whom Alaris Health could be held vicariously liable.

We review an order granting a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e) de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). We review a trial court's decision on a motion for rehearing or reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

The submission of an appropriate AOM is an element of a professional malpractice claim. Meehan v. Antonellis, 226 N.J. 216, 228 (2016). Failure to provide an AOM is "deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29. "The failure to deliver a proper affidavit within the statutory time period requires a dismissal of the complaint with prejudice." Ferreira, 178 N.J. at 146.

Pursuant to N.J.S.A. 2A:53A-27, in any action for damages resulting from an alleged act of malpractice or negligence by a licensed person as defined by the statute, the plaintiff must:

within [sixty] days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

The purpose of the statute is "to weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." Ferreira, 178 N.J. at 150 (quoting Hubbard v. Reed, 168 N.J. 387, 395 (2001)). Pursuant to the statute, a plaintiff must provide a defendant with "an affidavit that indicates the plaintiff's claim has merit." Fink v. Thompson, 167 N.J. 551, 559-60 (2001).

These principles can extend to certain vicarious liability claims. An AOM is required "when the plaintiff's claim of vicarious liability hinges upon allegations of deviation from professional standards of care by licensed individuals who worked for the named defendant." Haviland v. Lourdes Med. Ctr. of Burlington Cnty., Inc., 250 N.J. 368, 381 (2022) (quoting McCormick v. State, 446 N.J. Super. 603, 615 (App. Div. 2016)). Registered professional nurses fall within the definition of "licensed person" under the AOM statute. N.J.S.A. 2A:53A-26(i). Therefore, a plaintiff is required to serve an AOM to support a claim of vicarious liability based on the alleged professional negligence of a registered nurse.

In medical malpractice actions, the person executing the affidavit must meet the same requirements that would be required of an expert at trial. Haviland, 250 N.J. at 377-78. The AOM "must explain 'that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.'" Mortg. Grader, Inc. v. Ward & Olivo, L.L.P., 438 N.J. Super. 202, 213 (App. Div. 2014) (quoting N.J.S.A. 2A:53A-27).

The parties agree Kotz is not qualified to execute an AOM in support of a direct administrative negligence claim against Alaris Health. The parties also agree Kotz is qualified to execute an AOM with respect to a nursing malpractice action. The question presented is whether Kotz's AOM is sufficient to support appellant's vicarious liability claim against Alaris Health in this case. We conclude it is not.

The AOM statute requires that a plaintiff "provide each defendant with an affidavit . . . that there exists a reasonable probability that the care . . . exercised or exhibited in the treatment . . . fell outside acceptable . . . treatment practices." N.J.S.A. 2A:53A-27. Generally, an AOM should identify the licensed person who allegedly deviated from the acceptable standard of care. Medeiros v. O'Donnell & Naccarto, Inc., 347 N.J. Super. 536, 542 (App. Div. 2002). That is not to say an AOM must always name the licensed person who is the subject of

a vicarious liability claim. A number of decisions considered and accepted an AOM that did not identify the licensed person by name. In each case, however, it was possible to identify by the description within the AOM the licensed person or entity alleged to have deviated from the applicable standard of care. See, e.g., ibid. (AOM referred to engineers and there was only one engineering firm); Fink, 167 N.J. at 551 (doctor who discontinued certain medication was identifiable); Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 358 (2001) (unnamed radiologist was identifiable).

Here, it is not possible to identify any Alaris Health nurses who Kotz asserts were negligent because the AOM refers generally to the entire Alaris Health nursing staff over an extended period and indiscriminately combines the nursing staffs of two separate facilities. Appellant did not satisfy her obligation as to Alaris Health by serving an AOM that opines collectively as to the care provided by its nurses and the nurses at Jersey City Medical Center. Appellant was required to "provide each defendant" with an appropriate AOM and failed to do so.

In fact, by referring ambiguously to all of the nurses at both facilities, the AOM leaves open the possibility that Kotz was not able to offer an opinion as to Alaris Health's nurses standing alone. At a minimum, the AOM statute entitles a defendant facing a vicarious liability claim to an AOM limited to

alleged deviations by its own licensed employees. Alaris Health was entitled to an AOM that offered a clear opinion that its own nurses deviated from the applicable standard of care. By serving one AOM that included all of the nurses at Alaris Health and Jersey City Medical Center, appellant deprived Alaris Health of its right to an appropriate AOM and effectively thwarted the purpose of the AOM statute to weed out frivolous lawsuits.

Moreover, appellant is unable to identify any individual nurses who were negligent because the complaint is based fundamentally on the alleged administrative negligence of Alaris Health, not vicarious liability. Appellant alleges in the complaint that Alaris Health failed to establish appropriate policies and procedures; employ competent, qualified staff; and provide necessary resources, resulting in recklessly high resident-to-nurse ratios. The complaint further alleges "pressure injury cases of this type are not premised upon isolated[] one-time acts of negligence committed by a single staff member . . . rather, they implicate ongoing failures of the nursing staff as a whole . . . ."

Appellant's administrative negligence claim against Alaris Health was dismissed for failure to serve an appropriate AOM, and appellant ostensibly abandoned that claim on appeal. Appellant's purported vicarious liability claim, however, is essentially the same administrative negligence claim recast. Appellant is effectively seeking to hold Alaris Health liable for its own alleged

negligence by asserting Alaris Health is vicariously liable for the acts of its employees. However, appellant concedes her claim is based not on the actions of any single, identifiable nurse, but on the "nursing staff as a whole."

Alleging Alaris Health is liable for its "nursing staff as a whole" is indistinguishable from alleging Alaris Health is liable for administrative negligence, including failing to maintain an appropriate nurse-to-patient ratio. Appellant is simply restating her previously dismissed and abandoned administrative negligence claim as one for vicarious liability. She cannot identify individual nurses who were negligent because her claim is not truly based on the negligence of individual nurses. Her claim is based instead on the alleged administrative negligence of Alaris Health, which resulted in the systemic failure to provide adequate care, including nursing care. The nurse affiant selected by appellant is not qualified to provide an AOM in support of such an administrative claim against a licensed healthcare facility.

The trial court determined correctly that appellant failed to serve an appropriate AOM and properly dismissed her complaint against Alaris Health with prejudice. The court did not abuse its discretion by denying appellant's motion for reconsideration.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION